# EXHIBIT A



**ASSET ACCEPTANCE LLC**
P.O. Box 2036
Warren, MI 48090

| ACCOUNT NUMBER | CURRENT BALANCE |
|---|---|
| ■■■■6917 | $5747.65 |
| STATEMENT DATE | DUE DATE |
| MAY 21 2008 | DUE |

JOHN E WINSTON
18641 GLASTONBURY RD APT 1
DETROIT, MI 48219-2915

| ACCOUNT NUMBER | DATE OF LAST PAYMENT |
|---|---|
| 6879450129011096917 | 04/14/04 |

| DATE | REFERENCE NO | ACCOUNT INFORMATION | BALANCE DUE |
|---|---|---|---|
| MAY 21 2008 | 32029368 | BALANCE DUE<br>ASSET ACCEPTANCE LLC, A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, ASSIGNEE OF ■■■■6917<br>P.O. Box 2036, Warren, MI 48090 | $5747.65 |

| DATE OF DELINQUENCY | PURCHASED ON | CHARGE OFF AMOUNT* | INTEREST RATE |
|---|---|---|---|
| 05/19/04 | 02/05/07 | $3450.48 | 19.00% |

| SERVICE ADDRESS (IF APPLICABLE) | INTEREST DUE AS OF MAY 21 2008 |
|---|---|
|  | $2297.17 |

*For purposes of this Statement only, Charge Off Amount reflects credits for payments received by Asset, if any.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

32029368
868 BERNDT AND ASSOC

# EXHIBIT B

| | PROOF OF SERVICE | SUMMONS AND COMPLAINT Case No. 08-129506 |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required)

**OR**

☑ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☑ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| John E. Winston | 18641 Glastonbury Det. MI | 8-6-08 8:33pm |

☐ I have personally attempted to serve the summons and complaint, together with any attachments on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |

IN SYSTEM

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ 25— | Signature |
|---|---|---|---|---|

JASON R MORRISON
Title: PROCESS SERVER

Subscribed and sworn to before me on __8-6-2008__, __OAKLAND__ County, Michigan.
My commission expires: __1-3-2012__ Signature: _____
Notary public, State of Michigan, County of __OAKLAND__   Deputy court clerk/Notary public

CYNTHIA C SCHROUD
NOTARY PUBLIC
OAKLAND COUNTY MICHIGAN
MY COMMISSION EXPIRES
1-3-2012

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with Attachments on _____ Day, date, time

Bm Cole 30'5 E 40'5
5-10 200 LBS
Refused to Accept of Served

Signature _____ on behalf of _____

# EXHIBIT C

## STATE OF MICHIGAN

## IN THE DISTRICT COURT, 36th JUDICIAL DISTRICT

ASSET ACCEPTANCE, LLC,

    Plaintiff,

HON.
Case No. 08-129 350-GC

-vs-

JOHN WINSTON,

    Defendant.

| BERNDT & ASSOCIATES, P.C., <br> BY: KAROL A. BERNDT (P36822) <br>     ROBERT E. ZIELINSKI (P69250) <br> Attorneys for Plaintiff <br> 30500 Van Dyke, #702 <br> Warren, MI 48093 <br> (586) 558-9000 | THE LIBLANG LAW FIRM, P.C., <br> BY: DANI K. LIBLANG (P33713) <br>     SCOTT P. MUSSIN (P66748) <br> Attorneys for Defendant <br> 346 Park Street, Suite 200 <br> Birmingham, MI 48009 <br> (248) 540-9270 |
|---|---|

## AFFIDAVIT OF JOHN WINSTON

STATE OF NORTH CAROLINA  )
                                 )
COUNTY OF WAKE           )

JOHN WINSTON, being first duly sworn, deposes and says that he is of suitable age and discretion to testify in a Court of law and that he makes this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1. I am the Defendant in the above entitled action and I make this Affidavit in support of Defendant's Motion to Set Aside Default and Default Judgment.

2. The first notice that I received of this action was approximately April 15, 2009, when my employer notified me that Plaintiff had submitted a garnishment for my wages (see, Exhibit A-1, Notice of Withholding and Garnishment Disclosure).

3. Prior to learning of the garnishment, I had not received any notice of this action whatsoever.

4. Upon learning of the garnishment, I obtained copies of the Proof of Service for the Summons and Complaint on file with this Court (see, Exhibit B - Proof of Service).

5. In examining the Proof of Service, it is apparent that the statements therein are patently false, in that:

   a. I have not lived at the address indicated in the Proof of Service since approximately 1993;

   b. No one in my family has lived at the address indicated in the Proof of Service since approximately 1995 when my father sold the house and moved to the State of Tennessee;

   c. I have resided in the State of North Carolina continuously since approximately 1993.

6. Further deponent saith not.

_____
JOHN WINSTON

Subscribed and sworn to before me on this
_3_ day of _August_, 2009.

_Vickie Carver Taylor_
_____, Notary Public

Commission Expires: _4-6-2010_

# EXHIBIT D

## LAW OFFICES OF
# BERNDT & ASSOCIATES, P.C.
30500 VAN DYKE AVENUE, SUITE 702 ❖ WARREN, MI 48093
INFO@.BERNDTLEGAL.COM

KAROL A. BERNDT
ROBERT E. ZIELINSKI

OFFICE: (586) 558-9000
FACSIMILE: (586) 576-1708

April 6, 2009

███████ PAYROLL SERVICES CENTER
███████

Attention: Human Resources/Payroll

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Dear Sir or Madam:

Enclosed and served upon you by certified mail, please find Request and Writ for Garnishment and Disclosure regarding JOHN E WINSTON, Social Security No: ███████

PLEASE INCLUDE OUR FILE NO. ███4346 on all correspondence and remittances. Please do not hesitate to call if you have any questions regarding this matter.

Thank you for your anticipated cooperation.

Very truly yours,

BERNDT & ASSOCIATES, P.C

Garnishment Clerk

/ans

Enclosures

Our File No: ███4346                    (cml1)

Original - Court
1st copy - Plaintiff
2nd copy - Garnishee
3rd copy - Defendant

Approved, SCAO

To order this form, call (517) 337-1211
Target Information Management, Inc.

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>36TH JUDICIAL CIRCUIT | GARNISHEE DISCLOSURE | CASE NO.<br>03 129 350 GC |

**Court address**  
421 Madison, Detroit, MI 48226

**Court telephone no.**

**Plaintiff's name, address, and telephone no. (judgment creditor)**  
ASSET ACCEPTANCE LLC  
File No: ▮▮4346

v

**Defendant's name, address, and telephone no. (judgment debtor)**  
JOHN E WINSTON  
18641 GLASTONBURY RD APT 1  
DETROIT MI 48219-2915

**Plaintiff's attorney, bar no., address, and telephone no.**  
BERNDT & ASSOCIATES, P.C.  
Karol A. Berndt, P36522  
Robert E. Zielinski, P69250  
30500 Van Dyke #702  
Warren, MI 48093  
(586) 558-9000

**Garnishee's name and address**  
PAYROLL SERVICES CENTER

SEE INSTRUCTIONS ON OTHER SIDE

1. This disclosure is for a writ of garnishment issued on _____ and received by garnishee on _____.
   - ☐ a. The garnishee mailed or delivered a copy of the writ of garnishment to the defendant on _____.
   - ☐ b. The garnishee was unable to mail or deliver a copy of the writ of garnishment to the defendant.
2. At the time of service of the writ, the garnishee:

**Nonperiodic Garnishments**
- ☐ a. is not indebted to the defendant for any amount and does not possess or control the defendant's property, money, etc.
  Reason: _____
- ☐ b. is indebted to defendant for nonperiodic payments as follows:
  _____
  Description of property, money, negotiable instruments, etc. under garnishee's control    Type of account and account number if applicable
  The amount to be withheld is $ _____ and does not exceed the amount stated in item 2 of the writ.
- ☐ c. Withholding is exempt because _____.

**Periodic Garnishments**
- ☐ d. is not obligated to make periodic payments to the defendant during the 91-day period.
  Reason: ☐ not employed.   ☐ other _____
- ☐ e. is obligated to make periodic payments to the defendant during the 91-day period as follows.
  Payments are for   ☐ earnings.   ☐ nonearnings _____
       specify nature of payment (see instructions on back)
  Payments are made   ☐ weekly.   ☐ biweekly.   ☐ semimonthly.   ☐ monthly.   ☐ other: _____
       frequency of payment
  A higher priority writ/order   ☐ is   ☐ is not   currently in effect. (If a higher priority writ/order is in effect, complete the following.)
  _____
  Name of court that issued higher priority writ/order    Case number    Date Issued    Date served

  Withholding under this writ
  ☐ will begin immediately if sufficient funds are available.
  ☐ will not begin immediately because defendant is   ☐ laid off.   ☐ sick.   ☐ on leave.   ☐ other: _____
       specify

I declare that the statements above are true to the best of my information, knowledge, and belief.

_____    _____
Date    Garnishee/Agent/Attorney signature

**I certify that:**
- on _____ I mailed or personally delivered a copy of this disclosure to the court.
- on _____ I mailed or personally delivered a copy of this disclosure to the plaintiff/attorney.
- on _____ I mailed or personally delivered a copy of this disclosure to the defendant.

_____    _____
Date    Garnishee/Agent/Attorney signature

**DO NOT include Your Payment With This Disclosure. See item 3 of the instructions for details.**

MC 14 (3/08) GARNISHEE DISCLOSURE    15 USC 1672, 15 USC 1673, MCR 3.101

# GARNISHEE INSTRUCTIONS

**Definitions:**
- Periodic payments include wages, earnings, commissions, land contract payments, rent, and other periodic debt or contract payments that are paid to the principal defendant on a periodic basis.
- Nonperiodic payments include bank accounts, other property, money, goods, chattels, credits, negotiable instruments or effects, or earnings in the form of bonuses that are not paid to the principal defendant on a periodic basis. The rest of these intructions do not apply to garnishment of property, which needs to be sold before it can be applied to the judgment.

**Responsibility to Disclose:**
Within 14 days after being served with the writ of garnishment you must deliver or mail copies of this completed disclosure to the court, plaintiff's attorney (or plaintiff, if no attorney), and defendant. No further disclosures are required.

**Withholding Instructions:**
1. **Determine when funds should be withheld.**
   a. If item 2b is checked, funds or other property available at the time of service of the writ must be withheld from the defendant from the time of this disclosure.
   b. If item 2e is checked, funds must be withheld each time you are indebted to the defendant until the writ expires.

   Determine the date withholding will begin and end as follows.
   1) For garnishees with weekly, biweekly, or semimonthly pay periods, withholding begins with the first full pay period after the writ was served and ends on the last day of the last full pay period before the writ expires.
   2) For garnishees on a monthly pay period,
      - if the writ is served on the garnishee within the first 14 days of the pay period, withholding begins on the date the writ was served and continues until the writ expires.
      - if the writ is served on or after the 15th day of the pay period, withholding begins on the next full pay period after the writ was served and continues until the writ expires.

2. **Priority Writs or Orders and Multiple Writs (for periodic garnishments only):**

   Garnishments with a higher priority than this garnishment of periodic payments are
   - orders of bankruptcy court.
   - income withholding for support of any person.
   - orders for past due federal or state taxes.
   - other general garnishments served before this writ.

   a. If a higher priority writ/order is currently in effect and withholding is not applicable at this time, you must monitor the garnishment until (1) the higher priority writ expires, (2) the installment payment is set aside, (3) the defendant's wages are sufficient for both writs, or (4) other circumstances change, which make funds available. If this writ has not expired by then, withholding and payment should begin immediately. An amended disclosure is not necessary.
   b. If a higher priority writ/order is served on you while this writ is in effect and there is not enough money available for both writs, you must suspend withholding under this writ and inform the plaintiff of that fact. Once the higher priority is paid off, the suspended writ becomes effective again if it has not already expired. No further payments can be withheld on this writ if it expires while a higher priority is in effect.
   c. The plaintiff may not file another writ of garnishment of periodic payments for the same defendant, garnishee, and judgment while the existing writ is pending.

3. **Determine the amount to be withheld.** The amount withheld cannot exceed the amount of the balance of the judgment specified in item 2 of the request.

   <u>For periodic garnishment of earnings only,</u> a calculation sheet (the last sheet of this multipart form) is provided to determine the amount to be withheld. You do not need to use this calculation sheet, but if you do, you are not required to file it with the court or provide it to the defendant and plaintiff. However, a record of payment calculations must be maintained and made available for review by the plaintiff, defendant, or court upon request.

**Payment Instructions:**
Determine when disclosed amounts may be released. Funds available under this writ of garnishment may not be released to the plaintiff or court until 28 days after you were served with the writ. After 28 days, funds must be paid as ordered in this writ unless otherwise notified by the court. **No further order to pay will be issued except for garnishments of property other than money.**

<u>For periodic garnishments only.</u> During the first 28 days, payments must be withheld but not paid. After the initial 28-day waiting period, if the court does not notify the garnishee otherwise, all previously withheld funds must be paid out and any future payments must be withheld and paid as they become due until the writ expires. Every time a periodic payment is withheld, the garnishee must provide the plaintiff, defendant (and the court if funds are deposited with the court) with the case name, case number, date of withholding, amount withheld, and the balance due on the writ.

**Final Report Instructions:**
A final report of withholding is required for periodic garnishments. Within 14 days after the writ expires or the garnishee is no longer obligated to make periodic payments, the garnishee must file with the court and mail to the plaintiff and defendant a final statement of the total amount paid on the writ. The statement must include the names of the parties, the case number, the total amount paid, and the balance on the writ. Form MC 48 can be used for this.

# EXHIBIT E

# Notice of Withholding

85

JOHN E WINSTON
3417 REDBAY DR

RALEIGH, NC 27616

Case Identifier: ▮50GC
Court Ordered Amount:* 0.00 PER MONTH
Court Ordered Percent:* 25.00
Goal Amount: 6,618.08

Dear JOHN E WINSTON:

This is to notify you that a Writ of Garnishment order has been received. Either a fixed dollar amount or a percentage will be deducted per pay period.

The deduction will begin within one to two pay periods. Payments will be remitted to BERNDT AND ASSOCIATES P.C..

A copy of the order received has been attached for specific details and contact information for the issuing agency. To dispute this order or to obtain a release to stop the deduction, **please contact the issuing agency.**

Once you obtain any additional documentation such as a modification or a release please forward it to your employer for processing.

For any other questions, please call us at (866) ▮

Sincerely,

Garnishment Services
▮Financial and Compliance Services

04/15/2009

*If this is for a tax levy and no amount or percent is indicated, the deduction amount will be calculated based on married and one exemption. If this does not reflect your actual marital and exemption status, please complete the enclosed Form 668-W and fax to ▮

VRZ1